**Richard O. BOVEY and Michele Bovey, Plaintiffs,**

v.

**CITY OF LAFAYETTE, INDIANA and Dennis Brady, Defendants.**

No. L 82–116.

United States District Court,
N.D. Indiana,
Hammond Division at Lafayette.

June 4, 1986.

William K. Bennett, Lafayette, Ind., Courtney B. Justice, Delphi, Ind., and Kelly Leeman, Logansport, Ind., for plaintiffs.

Edwin L. Gagnon, Indianapolis, Ind., and E. Kent Moore, Lafayette, Ind., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This case is before the court on a Petition for Award of Attorney Fees filed by William K. Bennett and a Petition for Award of Attorney Fees filed by Kelly Leeman on behalf of the plaintiffs seeking an award of attorney fees pursuant to 42 U.S.C. § 1988. Mr. Bennett requested an award of $47,368.00 and submitted Exhibit A with his petition which describes the time spent and services rendered by Mr. Bennett and other members of the law firm of Bennett, Boehning, Poynter & Clary. Exhibit A attached to Mr. Bennett's petition reflects a claimed total of 592.1 hours spent by the Bennett firm and Mr. Bennett requests an award of $80.00 per hour for the time spent. Mr. Leeman requested an award of $9,880.00 in fees for 123.5 hours and expenses in the sum of $127.37. Mr. Leeman also attached an Exhibit A to his petition which describes the time he spent and the services rendered. The defendants have filed a response thereto and the matter is ripe for ruling. For the following reasons, reasonable attorney fees will be awarded to Plaintiffs in the sum of $3,098.40.

Section 1988 of Title 42, United States Code, gives a court broad authority to award reasonable attorneys fees to a prevailing party in a federal civil rights action. *See, e.g. Smith v. Robinson,* 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984); *Hibma v. Odegaard,* 769 F.2d 1147, 1157 (7th Cir.1985). Plaintiffs will be considered "prevailing parties" for attorneys fees pur-

poses under § 1988 "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983), *citing Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978). Once a plaintiff has been determined to be a "prevailing party," the court must then determine what fee is "reasonable." In the case before the court, the record discloses that the plaintiff, Richard O. Bovey prevailed on his strip search claim in this court, having been awarded a judgment against the City of Lafayette in the sum of $2,000.00 for said claim and is thus a prevailing party within the meaning of 42 U.S.C. § 1988. *See Bovey v. City of Lafayette*, 586 F.Supp. 1460 (N.D.Ind. 1984). The record further discloses that the plaintiff, Michele Bovey did not prevail on any claim in this litigation. Accordingly, she is not a prevailing party within the meaning of 42 U.S.C. § 1988 and all hours directly attributable to her claims must be and hereby are excluded from the initial fee calculation hours.[1] Further, the record in this case reveals that the plaintiffs appealed this court's decision to the Seventh Circuit Court of Appeals and the Seventh Circuit affirmed this court's decision by unpublished order dated July 26, 1985. Accordingly, all hours expended by counsel in representing Richard O. Bovey after entry of judgment by this court must be excluded because he was not a prevailing party within the meaning of 42 U.S.C. § 1988 with regard to the appeal.[2] This court must therefore determine what attorneys fees award is reasonable in this case, a decision entrusted to its sound discretion. *Berberena v. Coler*, 753 F.2d 629, 632 (7th Cir. 1985).

The starting point for determining the amount of a reasonable attorneys fees award is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley, supra,* 461 U.S. at 433, 103 S.Ct. at 1939. In determining the number of hours to be compensated for the purposes of this initial calculation, the court may exclude hours that were not "reasonably expended" and may also reduce the number of hours if counsels' hours are not adequately documented.

The determination of the number of hours reasonably expended by counsel for Plaintiffs on this litigation is difficult because of the pendency of other cases directly connected with the same factual inci-

1. The hours claimed by Mr. Bennett that are directly attributable to Michele Bovey are as follows:

| Date | Service Rendered | Hours |
| --- | --- | --- |
| 12–16–82 | Conference with Michele | .6 |
| 12–16–82 | Telephone conference with Michele | .3 |
| 12–17–82 | Conference with Michele | 2.2 |
| 3–18–83 | Telephone conference with Michele | .8 |
| 5–2–83 | Telephone conference with Michele | .6 |
| 5–9–83 | Telephone conference with Michele | .8 |
| 5–24–83 | Conference with Michele and Mr. Pennell | 2.3 |
| 5–27–83 | Depositions of Michele | 7.0 |
| 6–16–83 | Telephone conference with Michele | .3 |
| 9–28–83 | Conference with Michele | .4 |
| 3–28–84 | Conference with Michele | 2.5 |
| | TOTAL HOURS | 17.8 |

2. The hours claimed by Mr. Bennett after entry of judgment by this court are as follows:

| Date | Services Rendered | Hours |
| --- | --- | --- |
| 5–24–84 | Review Judgment, research | .3 |
| 5–24–84 | Research re Motion for New Trial | .5 |
| 5–24–84 | Conference with client | .3 |
| 5–24–84 | Research | .3 |
| 5–25–85 | Conference with client re Rule 59 | .5 |
| 5–25–84 | Prepare Motion for New Trial | 2.5 |
| 5–30–84 | Conference re FRCP 59 filing | .3 |
| 5–30–84 | Research FRCP 59 | .6 |
| 5–30–84 | Research | .2 |
| 5–31–84 | Revise Motion, prepare Memorandum | 2.0 |
| 6–1–84 | Conference with client | .3 |
| 6–1–84 | Conference with client and defense counsel | .6 |
| 6–1–84 | Review and revise Memorandum | .8 |
| 6–1–84 | Revise, finalize and file Motion for New Trial | .5 |
| 6–1–84 | Conference with Mr. Gagnon | .7 |
| 6–4–84 | Intra-office conference | .3 |
| 6–4–84 | Research; conference re: Rule 59 | 1.5 |
| 6–4–84 | Intra-office conference | .5 |
| 6–11–84 | Conference with Betty | .1 |
| 6–13–84 | Conference re new trial | .5 |
| | TOTAL HOURS | 13.5 |

dents involved in this case. Those cases included a state criminal case against Richard Bovey; a civil case filed by one of the defendants in this case, namely Dennis Brady, against Richard Bovey that was pending the White Circuit Court in Monticello, Indiana under Cause No. C–619–82; and another civil case pending in this court, *Bovey v. Meyers*, Cause No. L 84–44. The difficulty of sorting out the services that were rendered to plaintiff in this case as distinguished from services rendered in connection with the other cases is compounded by the lack of adequate documentation with respect thereto. Further, on May 5, 1983, this court ordered that all discovery in the White Circuit Court case was to be considered discovery in this case.

However, with this background in mind, this court will attempt to fairly determine the number of hours to be included in the initial fee calculation hours in this case.

First, there are several entries involving activities related to the other cases identified. Those hours that were related to discovery in the White Circuit Court case are included in this case. The other hours related to the other case must be excluded. The determination of whether such activities, if not clearly identified as being a part of a certain case, were related to this case was made based on a review of the docket in this case outlining the pleadings filed and activities involved in this case in the relevant time frame.[3] Second, there are

3. The hours claimed by Mr. Bennett that are attributable to services rendered in other cases involving the same incidents are as follows:

| Date | Services Rendered | Hours |
| --- | --- | --- |
| 12–1–82 | Initial conference with client | .7 |
| 12–1–82 | Intra-Office consultation | .4 |
| 12–7–82 | Two telephone conferences with client | .3 |
| 12–8–82 | Investigation, re County Court charges | .2 |
| 12–8–82 | Seek and confer with deputy prosecutor | .4 |
| 12–8–82 | Research and conference, re Tort Claims Act | 2.9 |
| 12–10–82 | Research and prepare tort claims notices | 1.7 |
| 12–13–82 | Research; draft petition; conference with Judge re scheduling; draft subpoenas and draft order | 4.9 |
| 12–14–82 | Research re immunity | 4.0 |
| 12–14–82 | Investigation re County Court records | .6 |
| 12–15–82 | Revise Petition and Order re evidence; and file | 2.2 |
| 12–16–82 | Conference with Judge, prepare notices, deliver subpoenas | 1.9 |
| 12–16–82 | Serve and certify notice of deposition | .4 |
| 12–17–82 | Research and study complaint | .3 |
| 12–20–82 | Investigation re County Court records | .3 |
| 12–20–82 | Telephone conference with Judge; research re special judge | 1.5 |
| 12–21–82 | Research | .7 |
| 12–22–82 | Enter appearance | 1.2 |
| 12–23–82 | Conference with Mr. Heide re depositions | .2 |
| 12–23–82 | Research re removal and priority of jurisdiction | 1.0 |
| 12–28–82 | Conference re deposition; prepare subpoena; research privilege in defamation | 2.6 |
| 12–30–82 | Prepare Court Order | .3 |
| 12–30–82 | Research, telephone conference | 2.5 |

| Date | Services Rendered | Hours |
| --- | --- | --- |
| 1–4–83 | Telephone conference with Mr. Shine and Mr. Hart | .5 |
| 1–4–83 | Review and revise subpoena | .7 |
| 1–5–83 | Research service of subpoena and affidavit of service | 3.5 |
| 1–6–83 | File 30(b)(6) subpoena and affidavit | .3 |
| 1–7–83 | Conference with Mr. Pennell | .2 |
| 1–7–83 | Conference with Mr. Pennell | 3.0 |
| 1–7–83 | Conference with Mr. Pennell | 3.0 |
| 1–10–83 | Telephone conference with Mr. Vaughan, Bovey and Pennell | .8 |
| 1–11–83 | Conference with deputy prosecutor | .8 |
| 1–11–83 | Research re arrest and registration | 2.1 |
| 1–12–83 | Investigation City Hall | .8 |
| 1–12–83 | Telephone conferences with Mr. Pennell, Lt. Gullion and Mr. Heide | .5 |
| 1–12–83 | Telephone conference re appointment | .3 |
| 1–13–83 | Investigation, City Hall | 2.7 |
| 1–13–83 | Telephone conference with Mr. Hanna and Pennell | 2.3 |
| 1–13–83 | Conference with Lafayette Police Department and Mr. Pennell | 2.6 |
| 1–13–83 | Review Interrogatories | .3 |
| 1–13–83 | Review Lafayette Police Department material | 2.0 |
| 1–14–83 | Telephone conference with Mr. Pennell | .4 |
| 1–14–83 | Telephone conference with Mr. Pennell and Mr. Bovey's secretary | .6 |
| 1–14–83 | Review police material | 1.4 |
| 1–14–83 | Conference with Mr. Pennell and Officer Leach | 1.7 |
| 1–14–83 | Copy Lafayette Police Department Brady personnel file | 1.6 |
| 1–14–83 | Review Lafayette Police Department internal affairs file | 1.5 |
| 1–17–83 | Conference intra-office | .2 |
| 1–17–83 | Review Lafayette Police Department material | 4.0 |

Note 3—Continued

| Date | Services Rendered | Hours |
|------|-------------------|-------|
| 1–18–83 | Review Lafayette Police Department material | 1.4 |
| 1–18–83 | Review and organize file, research criminal law | 2.5 |
| 1–20–83 | File return of service | .1 |
| 1–21–83 | Review statement file | .4 |
| 1–24–83 | Conference with Mr. Pennell | .4 |
| 1–24–83 | Conference re intra-office | .4 |
| 1–25–83 | Conference re pleadings | .2 |
| 1–25–83 | Research, review Mr. Pennell's discovery requests | 2.0 |
| 1–25–83 | Draft counterclaim | .8 |
| 1–25–83 | Conference re counterclaim | .1 |
| 1–26–83 | Telephone conference re change of venue and counterclaim | .3 |
| 1–26–83 | Telephone conference, review file | .5 |
| 1–27–83 | Prepare memo to file | .3 |
| 1–27–83 | Review criminal filings | .7 |
| 1–27–83 | Research criminal law | 1.8 |
| 1–27–83 | Review Lafayette Police Department 24-hour tape | 3.6 |
| 1–27–83 | Conference, intra-office | .8 |
| 1–28–83 | Review counterclaim for Circuit Court case | .3 |
| 1–31–83 | File Counterclaim | .8 |
| 1–31–83 | Transcription | 2.4 |
| 1–31–83 | Research | 3.0 |
| 2–1–83 | Consultation and conference | .8 |
| 2–1–83 | Research, review tapes, telephone conference | 4.4 |
| 2–3–83 | Telephone conference, prepare for depositions | .7 |
| 2–3–83 | Telephone conference with Mr. Hanna | .5 |
| 2–3–83 | Review radio transcript, conference | 2.1 |
| 2–3–83 | Conference, copying for Mr. Pennell | 1.0 |
| 2–4–83 | Conference, review Lafayette Police Department tapes, telephone conference | 1.5 |
| 2–7–83 | Consultation, telephone conference with Mr. Heide | .5 |
| 2–7–83 | Conference with client and Mr. Pennell | 4.0 |
| 2–7–83 | Review transcript | .1 |
| 2–7–83 | Investigation, conference with Mr. Pennell and client | 8.4 |
| 2–8–83 | Telephone conference re depositions; draft letter | .8 |
| 2–8–83 | Review transcript of unintelligible Lafayette Police Department tapes | 2.0 |
| 2–9–83 | Conference with Mr. Pennell, prepare memo | .2 |
| 2–11–83 | Review, copy and forward motions | .2 |
| 2–15–83 | Telephone conference | .1 |
| 2–16–83 | Telephone conference re April 14, 1964 Lafayette Journal Courier article | .1 |
| 2–22–83 | Conference with Mr. Vaughan | .3 |
| 2–22–83 | Consultation, Telephone conference with client, Mr. Vaughan and Mr. Pennell | .7 |

| Date | Services Rendered | Hours |
|------|-------------------|-------|
| 2–22–83 | Review Circuit Court pleadings deadline | .1 |
| 3–3–83 | Consultation re tort claims notice | .2 |
| 3–10–83 | Telephone conference re county claim | .3 |
| 3–18–83 | Telephone conference with Mr. Pennell | .2 |
| 3–21–83 | Telephone conference with Mr. Pennell | .2 |
| 3–25–83 | Review recent pleadings | .2 |
| 4–4–83 | Telephone Conference with Mr. Pennell | .3 |
| 4–6–83 | Draft order and minutes | .5 |
| 4–6–83 | Examine, sign, file and serve papers | .5 |
| 4–11–83 | Review file for hearing | 1.0 |
| 4–12–83 | Briefing | .3 |
| 4–12–83 | Research | 1.0 |
| 4–12–83 | Preparation of argument, travel, hearing in White County, travel, conference | 5.3 |
| 4–13–83 | Review, draft additional counterclaim | 1.0 |
| 4–13–83 | Investigation, draft defamation count | .7 |
| 4–19–83 | Schedule deposition, draft letter | .7 |
| 4–19–83 | Draft defamation counterclaim | .5 |
| 4–21–83 | Review legal paragraph III of counterclaim | .4 |
| 4–21–83 | Research | .2 |
| 4–25–83 | Draft intra-office memo | .2 |
| 4–26–83 | Correspondence and filing in state court case | .2 |
| 4–27–83 | Research | .3 |
| 5–2–83 | Telephone conference with client | .3 |
| 5–2–83 | Telephone conference with Mr. Pennell | .3 |
| 5–10–83 | Conference with Mr. Pennell, client correspondence | .4 |
| 5–24–83 | Conference with Michele and Mr. Pennell | 2.3 |
| 6–2–83 | Telephone conference with Mr. Pennell | .2 |
| 6–3–83 | Investigation re County Court and memo | .5 |
| 6–6–83 | Conference with client and Mr. Vaughan | .7 |
| 6–28–83 | Conference with Mr. Vaughan's client | .5 |
| 6–28–83 | Indexing Circuit Court file | 1.0 |
| 6–28–83 | Review petition for sanctions | .2 |
| 6–29–83 | Conference with Mr. McClure | .2 |
| 6–29–83 | Conference with Mr. Pennell, prepare motion | .5 |
| 6–30–83 | Review Mr. Vaughan's response | .2 |
| 7–13–83 | Conference with Mr. Vaughan | .2 |
| 7–26–83 | Conference with Mr. Hanna | .3 |
| 7–28–83 | Prepare Stipulation and letters | 1.0 |
| 7–29–83 | Prepare dismissal order | .2 |
| 7–29–83 | Research, draft Motion to Continue | .2 |
| 9–1–83 | Medical research re Brady's knee | 1.1 |
| 9–2–83 | Inspect Unit 9 | .9 |
| 9–2–83 | Telephone conference with J. P. Metzger | .1 |

several entries involving conferences and telephone conferences where the parties thereto, and in some instances the subject matter thereof, were not identified. This court finds that such documentation is inadequate and those hours must be deleted from the initial fee calculation hours.

There are also other entries that do not disclose the subject matter of the activity and those too must be excluded for failure to adequately document. This includes some entries designated "research" in instances where the court could not determine from the surrounding entries the subject matter of said research.[4] Third, this

Note 3—Continued

| Date | Services Rendered | Hours |
|------|-------------------|-------|
| 9–2–83 | Review radar matter, expert conference | .5 |
| 9–2–83 | Conference re radar | .3 |
| 9–19–83 | Telephone conference with expert | .2 |
| 9–20–83 | McClure Conference | .3 |
| 9–21–83 | Monticello hearing | 3.0 |
| 9–21–83 | Hearing preparation re White County case | 1.2 |
| 9–21–83 | Review tapes of September 21st oral arguments | .7 |
| 9–27–83 | Conference with Mr. Hanna, client and Michele | 1.9 |
| 9–27–83 | Letter of Settlement | .6 |
| 9–28–83 | Conference with client and Mr. Hanna | 1.1 |
| 9–28–83 | Settlement conference | 1.4 |
| 10–18–83 | Conference with Mr. Pennell | .3 |
| 10–27–83 | Conference with criminal defense counsel | .9 |
| 10–28–83 | Correspondence with criminal defense counsel | .2 |
| 11–9–83 | Telephone conference with Judge Overbeck | .2 |
| 11–17–83 | Conference with Mr. Pennell | .4 |
| 11–18–83 | Meet client at County Court | .2 |
| 11–18–83 | McClure, etc., dismissal and letter | .4 |
| 11–18–83 | Telephone conference with Mr. Pennell and client | .2 |
| 11–21–83 | Conference with Mr. Pennell | .3 |
| 11–23–83 | Telephone conference re settlement | .4 |
| 11–23–83 | Office call to Mr. Pennell | .1 |
| 11–23–83 | Conference with Mr. Pennell | .3 |
| 11–28–83 | Conference re letters to Mr. Pennell and investigation | .2 |
| 11–29–83 | Telephone conference with Mr. Pennell | .4 |
| 11–30–83 | Review and file correspondence | .3 |
| 11–30–83 | Conference with Mr. Pennell | .3 |
| | TOTAL HOURS | 161.4 |

The hours claimed by Mr. Leeman that are attributable to services rendered in other cases involving the same incidents are as follows:

| Date | Services Rendered | Hours |
|------|-------------------|-------|
| 2–9–84 | Research on criminal statutes regarding arrest, powers of officers to arrest, Trial Rule 41(a), telephone call to Courtney Justice's office regarding records | 1.6 |

| Date | Services Rendered | Hours |
|------|-------------------|-------|
| 2–28–84 | Work on complaint and cases for support | 2.3 |
| 3–7–84 | Reviewed old criminal case regarding right to resist force at time of arrest, case on spectrograph admissibility | 1.1 |
| 3–16–84 | Work regarding cases for conduct of Prosecuting Attorney regarding § 1983 | 1.4 |
| 3–18–84 | Further reading of cases pulled on prosecutor interference with civil actions and § 1983 liability, draft complaint, and request for preliminary and permanent injunction | 5.6 |
| 3–19–84 | Work on brief for injunction and research on RICO and injunctions | 4.2 |
| 4–1–84 | To Lafayette, work on questions for witnesses for hearing on the injunction, prepare arguments Younger issue, conference with issue, conference with Bovey and Metzger, review of briefs, memos | 6.4 |
| | TOTAL HOURS | 22.6 |

4. The hours claimed by Mr. Bennett that are excluded for lack of adequate documentation are as follows:

| Date | Services Rendered | Hours |
|------|-------------------|-------|
| 12–21–82 | Conference with William K. Bennett and Brent C. Clary | .3 |
| 12–21–82 | Continued research | 1.2 |
| 12–27–82 | Conference re research and fee agreement | .2 |
| 12–28–82 | Conference, re intra-office | .5 |
| 12–29–82 | Conference re claims | .7 |
| 12–29–82 | Conference, intra-office | .6 |
| 1–3–83 | Conference with Mr. DeRosa | .8 |
| 1–3–83 | Research | 4.3 |
| 1–4–83 | Research, telephone conference | 2.3 |
| 1–5–83 | Telephone conference re deposition and Joyce Wilson | .7 |
| 1–6–83 | Research | 2.2 |
| 1–10–83 | Conference re depositions | 2.5 |
| 1–10–83 | Review, conference, organize file, serve | 1.5 |
| 1–10–83 | Conference, intra-office | 1.6 |
| 1–10–83 | Library research outside office | 3.3 |
| 1–11–83 | Prepare intra-office memo | .7 |
| 1–11–83 | Research, conference | .7 |
| 1–11–83 | Telephone Conferences re depositions | 1.9 |

court finds that some of the entries involve activities that are clerical in nature and do not require the services of an attorney and/or are not billable to a client in the exercise of proper billing judgment and cannot therefore be charged to the defendant herein. This court will also exclude those hours from the initial fee calculation hours.[5] Finally, this court notes that some of the entries includes references to multiple activities but do not contain a breakdown of time spent with respect to each activity included in the entry. If under the above analysis, some of the time spent on those activities is excludable and some is not, this court should probably exclude the entire amount claimed. *See, Hensley v. Eckerhart*, 461 U.S. at 437, 103 S.Ct. at 1941. However, in the interest of justice,

| Date | Services Rendered | Hours |
|---|---|---|
| 2–21–83 | Conference re intra-office | .1 |
| 2–22–83 | Conference intra-office | .2 |
| 2–24–83 | Preparation and deposition | 3.2 |
| 2–24–83 | Research and deposition | 4.5 |
| 2–25–83 | Telephone conference, attorney conference, research | 6.2 |
| 2–29–83 | Depositions | 3.5 |
| 2–28–83 | Research and depositions | 9.6 |
| 3–3–83 | Telephone conference, court filing, conference | .5 |
| 3–4–83 | Telephone conference | .2 |
| 3–7–83 | Research | 1.5 |
| 3–16–83 | Review, diary, forward | .2 |
| 4–8–83 | Telephone conference, review pleadings | .2 |
| 5–10–83 | Conference re certified deposition questions | .2 |
| 5–13–83 | Research and telephone conference | 1.0 |
| 5–13–83 | Research | .9 |
| 5–25–83 | Telephone conference re depositions | .2 |
| 6–2–83 | Telephone conference | .2 |
| 6–2–83 | Research | .8 |
| 6–2–83 | Telephone conference re settlement | 1.0 |
| 6–7–83 | Review file | .2 |
| 6–17–83 | Telephone conference with Joyce Wilson | .4 |
| 7–8–83 | Consultation | .3 |
| 7–12–83 | Telephone conference re status | .2 |
| 7–13–83 | Conference re discovery | .6 |
| 7–14–83 | Conference re discovery | 1.1 |
| 7–18–83 | Conference intra-office | .1 |
| 7–20–83 | Conference with Mr. Hanna, review files | 1.3 |
| 7–20–83 | Prepare memo | .2 |
| 7–22–83 | Research, draft memo to Mr. Hanna | .8 |
| 7–25–83 | Conference re medical discovery | .3 |
| 7–26–83 | Conference re Officer Milks | .3 |
| 7–29–83 | Investigation | .4 |
| 8–1–83 | Review file | .2 |
| 8–4–83 | Check, copy, certify and mail | .3 |
| 8–29–83 | Conference re intra-office depositions | 1.5 |
| 8–29–83 | Return telephone call | .2 |
| 9–12–83 | Investigation | .4 |
| 9–15–83 | R.R. investigation | .4 |
| 9–28–83 | Telephone conference, Myers meeting | 1.2 |
| 9–28–83 | Telephone conferences | 1.4 |
| 10–7–83 | Conference re Justice and Leeman | .5 |
| 10–12–83 | Telephone conference | .2 |
| 10–18–83 | Telephone conference | .3 |
| 10–27–83 | Telephone conference, letter to expert | .3 |
| 11–1–83 | Conference re discovery | .2 |
| 11–4–83 | Discovery conference, file review | .9 |
| 11–22–83 | Conference, final tapes | .2 |
| 3–20–84 | Correspondence, conference with Leeman office | .5 |
| 3–21–84 | Intra-office conference | .4 |
| 3–21–84 | Research | 1.6 |
| 3–26–84 | Intra-office conference | .1 |
| 3–26–84 | Intra-office conference | .8 |
| 3–26–84 | Intra-office conference | .1 |
| 3–28–84 | Intra-office conference | .1 |
| 3–28–84 | Review and research | .5 |
| 4–6–84 | Conference re concluding evidence | .9 |
| 4–6–84 | Intra-office conference | .1 |
| 4–10–84 | Intra-office conference and trial preparation | .4 |
| 4–10–84 | Review change in TC–MT–2080–84 | .2 |
| 4–12–84 | Intra-office conference | .2 |
| 5–21–84 | Intra-office conference | .5 |
| | **TOTAL HOURS** | **81.0** |

5. The hours claimed by Mr. Bennett that are excluded for failure to exercise proper billing judgment are as follows:

| Date | Services Rendered | Hours |
|---|---|---|
| 12–23–82 | Copy, collate and review | .6 |
| 12–23–82 | Organize file | .2 |
| 12–27–82 | File complaint | .3 |
| 12–28–82 | File returns of service | .4 |
| 12–28–82 | Conference with client's secretary | .1 |
| 4–8–83 | Review pleadings, organize file | .9 |
| 7–1–83 | Pick up, copy and deliver discovery material | .9 |
| 8–3–83 | Calendar update | .2 |
| 4–2–84 | Appear at trial (RWB) | .4 |
| | **TOTAL HOURS** | **4.0** |

The hours claimed by Mr. Leeman that are excluded for failure to exercise proper billing judgment are as follows:

| Date | Services Rendered | Hours |
|---|---|---|
| 2–29–84 | Long distance call to Bill Bennett | .1 |
| 3–16–84 | Long distance Bennett—out | .1 |
| 4–5–84 | Trip home | 1.0 |
| 4–11–84 | Travel home | 1.0 |
| | **TOTAL HOURS** | **2.2** |

this court will attempt to apportion the time in a fair manner based on the record as a whole.[6] In addition, there may be specific instances when certain hours are excluded from the initial calculation that do not fall within one of the above described categories. In such instances, this court will attempt to give its reasoning for deleting such hours as appropriate. This court would further note that some of the entries could be excluded under more than one category but are only listed under one exclusion.

After carefully reviewing all of the entries on Exhibit A attached to the Petition filed by Mr. Bennett, this court finds that 161.4 hours of that time must be excluded because it is attributable to the other cases involving the same incidents, 81.0 hours of that time must be excluded for failure to document the services rendered, 4.0 hours must be excluded for failure to exercise billing judgment, and 19.8 hours must be excluded in apportioned time. Accordingly,

this court finds that the number of hours properly chargeable by William Bennett and his law firm to defendant in this case for services rendered for purposes of the initial fee calculation hours is 294.6.

After carefully reviewing all of the entries on Exhibit A attached to the Petition filed by Mr. Leeman, this court finds that 22.6 hours of that time must be excluded because it is attributable to another case involving the same incidents, 2.2 hours must be excluded for failure to exercise business judgment and 6.0 hours must be excluded in apportioned time. Accordingly, this court finds that the number of hours properly chargeable by Kelly Leeman to defendant in this case for services rendered for purpose of the initial fee calculation hours is 92.7.

▮ To complete the initial calculation of a reasonable fee in this case, the court must determine the reasonable hourly rate(s) chargeable by plaintiff's counsel in

6. The hours claimed by Mr. Bennett that are apportioned are as follows:

| Date | Services Rendered | Included | Excluded |
|---|---|---|---|
| 12–20–82 | Research re complaint, annotations under § 1983, alternative theories, possible counterclaims | 3.0 | 2.9 |
| 12–21–82 | Prepare office memo, further research of § 1983 annotations | 2.3 | 2.0 |
| 12–22–82 | Conference, research and revise complaint | 1.0 | .5 |
| 12–27–82 | Research re search and seizure, conference, dictation | 2.0 | 1.0 |
| 12–29–82 | Research libel and slander, consider Rule 12 motions, plan discovery, study Police Misconduct Guide | 2.0 | .4 |
| 1–7–83 | Research, draft discovery, conference with client | 1.7 | 1.5 |
| 3–1–83 | Review and revise responses and tort claims notices, conference | .4 | .4 |
| 3–4–83 | Serve tort notices, conference, review responses | .7 | .6 |
| 3–9–83 | Review response, service, and filing | .3 | .3 |
| 6–9–83 | Conference, review discovery materials | 1.0 | .8 |
| 6–17–83 | Work on discovery, telephone conference | .3 | .2 |
| 6–23–83 | Conference with Mr. Pennell, review discovery | .3 | .3 |
| 6–27–83 | Conference, discovery, etc. | .3 | .4 |

| Date | Services Rendered | Included | Excluded |
|---|---|---|---|
| 7–19–83 | Telephone conference, review tape transcripts | .6 | .5 |
| 8–3–83 | Telephone conference, schedule deposition | .4 | .3 |
| 8–4–83 | Telephone conference, reschedule depositions | .1 | .1 |
| 10–19–83 | Review medical, letter to Mr. Vaughan | 1.0 | .3 |
| 3–26–84 | Review complaint, conference with client, etc. | .3 | .3 |
| 3–27–84 | Conference, prepare subpoenas | .3 | .2 |
| 3–28–84 | Miscellaneous, serving subpoenas | .6 | 1.0 |
| 3–30–84 | Conference and interview witnesses | 1.5 | .5 |
| 4–3–84 | Intra-office conference and review tapes | .1 | .1 |
| 4–9–84 | Conference and appear at trial | 8.0 | .5 |
| | TOTAL HOURS | 28.3 | 19.0 |

The hours claimed by Mr. Leeman that are apportioned are as follows:

| Date | Services Rendered | Included | Excluded |
|---|---|---|---|
| 4–2–84 | To Bennett's office, to Court, conduct hearing on Restraining Order and trial | 6.0 | 2.0 |
| 4–3–84 | Trial | 6.0 | 1.0 |
| 4–4–84 | Trial | 7.5 | 1.0 |
| 4–9–84 | To Lafayette—trial | 8.0 | 1.0 |
| 4–10–84 | To Court, research on new cases, trial | 7.5 | 1.0 |
| | TOTAL HOURS | 35.0 | 6.0 |

this case. Reasonable hourly rates are the prevailing market rate in the relevant community. *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984). Further, the fee applicant bears the burden of establishing and documenting an appropriate hourly rate. *Hensley v. Eckerhart,* 461 U.S. at 437, 103 S.Ct. at 1941. Both Mr. Bennett and Mr. Leeman have requested an award of fees at $80.00 per hour. This court finds this amount reasonable for services performed by Mr. Bennett and Mr. Leeman. This court is troubled, however, by Mr. Bennett's failure to identify what work he performed personally and what services were rendered by other members of his firm. Although $80.00 per hour may be reasonable for Mr. Bennett's services, such an hourly rate may not be reasonable for the services of other members of his firm. In submitting a petition for fees under 42 U.S.C. § 1988, the services rendered by each attorney should be carefully documented and accounted for and the reasonable hourly rate for each attorney rendering services should be documented as well. Accordingly, the initial calculation of reasonable attorneys fees in this case is as follows:

| Attorney | Charge/Hour | Hours | Total Charges |
|---|---|---|---|
| William K. Bennett | $80.00 | 294.6 | $23,568.00 |
| Kelly Leeman | $80.00 | 92.7 | $ 7,416.00 |
| | | Total | $30,984.00 |

However, the determination of a reasonable fee does not end with the calculation of hours times rates. The court may also consider other factors that may lead the court to adjust the fee upward or downward including: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley v. Eckerhart,* 461 U.S. at 430 n. 3, 103 S.Ct. at 1937 n. 3; *Lynch v. City of Milwaukee,* 747 F.2d 423, 426 (7th Cir.1984); *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974). These factors may be considered either in determining the initial calculation (hours and rates) or in determining whether the fee award should be adjusted. *Lynch, supra* at 426.

■ One of these factors, "results obtained" is an important and crucial factor and must be carefully considered, particularly when a case presents multiple claims. If a case involves unrelated claims and a plaintiff prevails on some but not all claims, a court may not award a fee for the time spent on the unsuccessful claims. However, if the plaintiffs' claims involve a common core of facts or are based on related legal theories, the court should focus on the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation rather than focusing on the discrete claims raised by the plaintiff. *Hensley, supra* 461 U.S. at 435, 103 S.Ct. at 1940. Further, if a plaintiff achieves excellent results, his attorney should receive a full compensatory fee. However, if a plaintiff only achieves partial or limited success, even if his claims are interrelated, the product of hours times rates may be excessive. In any event, the critical focus of the court must be on the success and results of the plaintiff. *Id.* at 435–36, 103 S.Ct. at 1940–41. In making a determination with respect to adjusting a fee award in relation to the results obtained, the court must exercise its discretion. Although the Supreme Court in *Hensley* stated that there was no precise rule or formula to be applied in making such a determination, the Court noted that a district court may identify specific hours that should be eliminated or may simply reduce the award to account for the limited success. *Id.*

The record in this case reveals a complaint filed by four plaintiffs, Richard O. Bovey, Michele Bovey, Gary Bovey and Mark Patrick Bovey against five named

defendants, City of Lafayette, Indiana, Ronald Milks, Edward Moser, Dennis Brady and Dan Money as well as other "John Doe" defendants. The complaint contained extensive allegations of fact and several claims for relief for alleged deprivation of plaintiffs' constitutional rights under the First, Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States as well as pendent state claims and claims for punitive damages. On May 5, 1983, all punitive damage claims against the City of Lafayette, Indiana were dismissed and the complaint was dismissed as against the defendant, Ronald T. Milks, individually and as Chief of Police of the Police Department of the City of Lafayette, Indiana. The Pretrial Order filed in this case states that Plaintiffs' pendent claims under state law included false arrest and imprisonment, assault and battery, intentional infliction of emotional distress, defamation, and negligent hiring and retaining Officers Brady, Money and Moser. The claims of constitutional deprivations under the First, Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States were as follows:

(a) Plaintiff Richard O. Bovey's constitutional right of freedom from unreasonable and illegal search and seizure of his person, papers and effects;

(b) Plaintiff Richard O. Bovey's constitutional right of freedom from unlawful arrest, or arrest without probable cause;

(c) Plaintiffs, Richard O. Bovey's, Gary Bovey's and Mark Bovey's constitutional right of freedom from illegal detention or imprisonment;

(d) Plaintiffs, Richard O. Bovey's and Michele Bovey's constitutional right of freedom from unreasonable excessive physical abuse, coercion, intentional infliction of mental distress and intimidation;

(e) Plaintiff Richard O. Bovey's constitutional right of freedom from cruel, inhuman and unusual punishment;

(f) Plaintiff Richard O. Bovey's constitutional right of freedom from unreasonable and illegal strip and body cavity search caused, instigated and brought about by the Defendants, in violation of Richard Bovey's constitutional right of privacy;

(g) Plaintiffs, Richard O. Bovey's and Michele Bovey's right of freedom not to be deprived of their protected property interest and liberty interest under the Fourteenth Amendment without due process of law;

(h) Plaintiff, Richard O. Bovey's constitutional right of freedom to obtain needed and necessary attention and care for his serious medical condition; and

(i) Plaintiff, Richard O. Bovey's constitutional right of freedom of speech, expression and thought in handling the above mentioned cases involving various members of the Lafayette Police Department without fear of reprisal, retaliation and punishment for so engaging in and exercising his rights as secured to Plaintiff, Richard O. Bovey by the Fourteenth Amendment to the Constitution of the United States.

A bench trial was held in this case and at the close of Plaintiffs' evidence, the court granted a directed verdict as to all claims asserted by Plaintiffs against defendants, Edward Moser and Dan Money. At that time, the court further directed a verdict of dismissal as to all claims asserted by Gary Bovey and Mark Bovey as to the remaining defendants, the City of Lafayette, Indiana and Dennis Brady. At the conclusion of the trial, the court entered extensive findings of fact, conclusions of law and memorandum in support thereof finding in favor of one plaintiff, Richard O. Bovey, on one claim, illegal strip search against one defendant, the City of Lafayette, Indiana. The court found against Plaintiffs and in favor of Defendants on all other claims and ordered each party to bear its own costs. The plaintiff, Richard O. Bovey appealed the decision of this court as to defendants City of Lafayette, Indiana, Dennis Brady and Daniel Money. The Seventh Circuit

**650**

Court of Appeals affirmed the judgment of this court.

■ Reviewing the relief granted in this case in light of the relief sought by Plaintiffs reveals that the Plaintiffs had *very* limited success in comparison to the scope of litigation as a whole. Three of the Plaintiffs received no relief and the other plaintiff was awarded relief on only one of his nine constitutional claims and none of his five pendent state claims. Accordingly, the amount of the fee must be adjusted downward. The difficulty lies with determining the proper amount of the downward adjustment. With the exception of the time documented with respect to Michele Bovey and the time spent after judgment was entered in this case, Plaintiffs' counsel has not provided this court with documentation with respect to the time spent on the various issues in this case so the court cannot merely eliminate those hours. Accordingly, this court will use the other approach suggested by the *Hensley* Court, simply reducing the award to account for the limited success. This court finds that the initial calculation of the attorney fees in this case should be reduced by ninety percent (90%) to account for the *very* limited success. Therefore, the court awards Plaintiffs reasonable attorney fees in this case in the sum of $3,098.40 against the City of Lafayette, Indiana. In light of this court's order that each party shall bear its own costs, no award will be made for expenses claimed by Mr. Leeman in his Petition. SO ORDERED.