Marie Weast CLAUS, etc., et al., Plaintiff,

v.

Robert SMITH, etc., et al., Defendants.

No. L 81–48.

United States District Court, N. D. Indiana, Lafayette Division.

Aug. 7, 1981.

---

Gregory S. French, Louis Lessem, Legal Services Program, South Bend, Ind., Margaret A. Nolan, Lafayette, Ind., Ivan Bodensteiner, Valpariso, Ind., for plaintiff.

Linley E. Pearson, Atty. Gen., Indianapolis, Ind., H. Hanley Hammel, Jr., Lafayette, Ind., for defendants.

## MEMORANDUM AND ORDER

SHARP, District Judge.

This case is before the Court on the plaintiffs' motion for a preliminary injunction. The plaintiffs are asking this Court to enjoin the defendants from requiring certain Medicaid recipients to contribute partial payments for certain Medicaid services.

*Background*

Indiana has chosen to participate in the federal government's Medicaid program. Having chosen to participate in that program, Indiana is required to operate the program in conformity with applicable federal statutes and regulations. *Kimble v. Solomon*, 599 F.2d 599 (4th Cir. 1979), *Roch-*

*ester v. Baganz,* 479 F.2d 603 (3rd Cir. 1973).

States which have chosen to participate in the Medicaid program are required to provide payments to recipients of certain mandatory services. However, these states may or may not, at their option, provide payments for certain non-mandatory services. For the non-mandatory services, federal law allows states to condition payment upon the recipient's payment of a nominal sum. The recipient's payment is referred to as a co-payment. For the mandatory services, federal law prohibits states from requiring co-payments.

Until this year, Indiana has not required co-payments on either mandatory or non-mandatory services. By Acts 1981, Pub. L.No. 141, the Indiana General Assembly has provided that co-payments be made for certain non-mandatory services. That law became effective July 1, 1981. The law is not self-enforcing, however, but requires action by the Indiana Department of Public Welfare (IDPW). IDPW had to amend its rules to comply with the statute, and had to modify its computer software to accommodate the co-payment scheme. At the hearing on the plaintiffs' motion for a preliminary injunction, the defendant Robert Smith, acting director of IDPW, testified that due to difficulties in modifying computer software, the co-payment scheme was not put into effect until August 1, 1981. Notice of the new co-payment requirement was mailed to all Medicaid recipients and to all Medicaid services providers in July. On July 29, 1981, plaintiff Claus filed this action. An amended complaint was filed on July 31, 1981, adding plaintiffs, among other changes.

■ The plaintiffs complain that IDPW has not followed certain technical federal and state requirements in putting Pub. L.No. 141 into effect. Since those technical requirements have apparently not been followed, and since irreparable harm will result if the co-payment scheme is put into effect, a preliminary injunction must be ordered.

*Irreparable harm*

Irreparable harm, as that term is used in determining the availability of preliminary relief, is certain to result in this case. The plaintiffs, and many of the members of the class which they propose to represent, may not be able to afford the nominal co-payment. Thus, the imposition of a co-payment requirement may result in their failure to obtain certain non-mandatory Medicaid services. Failure to obtain medical services can result in medical problems becoming worse or even untreatable. Implementation of the co-payment scheme would result in irreparable harm to the plaintiffs.

*Likelihood of Success: Relevant Statutes and Regulations*

The substantive provisions of Pub.L.No. 141 added the following language to Section 12–1–7–16 of the Indiana Code:

(a) . . .

(b) . . .

(c) . . . However, the state department of public welfare shall apply a copayment for certain types of medical assistance provided under IC 12–1–7–14.9. The copayment shall be made by the recipient of the medical assistance upon receipt of it. The copayment shall apply to all except federally mandated services. However, physical examinations to determine the need for medical services, and room and board in intermediate care facilities, are not subject to copayment. The provider may not make the copayment in behalf of the recipient.

(d) The department of public welfare may, in its discretion, exempt individuals from the requirements of subsection (c) on the basis that it would cause undue hardship.

The plaintiffs argue that IDPW adopted procedures for implementing Pub.L.No. 141 without complying with the requirements of 42 C.F.R. § 447.205, the relevant parts of which read as follows:

§ 447.205 Public notice of changes in Statewide method or level of reimbursement.

832

(a) *When notice is required.* Except as specified in paragraph (b) of this section, the agency must provide public notice of any proposed change in the Statewide method or level of reimbursement for a service, if the change is expected to increase or decrease Medicaid payments for that service by 1 percent or more during the 12 months following the effective date of the change.

(b) . . .

(c) . . .

(d) *Publication of notice.* The notice must—

(1) Be published at least 60 days before the proposed effective date of the change;

(2) Appear as a public announcement in—

(i) A State register similar to the Federal Register;

(ii) The newspaper of widest circulation in each city with a population of 50,000 or more; or

(iii) The newspaper of widest circulation in the State, if there is no city with a population of 50,000 or more; and

(3) Be sent to HCFA Regional Office upon publication.

The plaintiffs also argue that IDPW adopted procedures for implementing Pub. L.No. 141 without complying with the requirements of Ind.Code § 4–22–2–4, the relevant portion of which reads as follows:

Before any rule is adopted by any agency it shall cause a notice to be published in a newspaper of general circulation printed and published in Marion County, Indiana, and, after July 1, 1978, in the Indiana Register, at least twenty-one [21] days prior to the date set for a hearing.

. . . . . .

On the date set for hearing any interested party in person or by attorney shall be afforded an adequate opportunity to participate in the formulation of the proposed rule or rules through the presentation of facts or argument or the submission of written data or views. All rele-vant matter presented shall be given full consideration by the agency.

And, the plaintiffs argue that IDPW implemented its procedures under Pub.L.No. 141 without complying with the requirements of 42 C.F.R. §§ 431.206, 431.210, and 431.220, the relevant parts of which read as follows:

§ 431.206  Informing applicants and recipients.

(a) . . .

(b) The agency must, at the time specified in paragraph (c) of this section, inform every applicant or recipient in writing—

(1) Of his right to a hearing;

(2) Of the method by which he may obtain a hearing; and

(3) That he may represent himself or use legal counsel, a relative, a friend, or other spokesman.

(c) The agency must provide the information required in paragraph (b) of this section—

(1) At the time that the individual applies for Medicaid; and

(2) At the time of any action affecting his claim.

§ 431.210  Content of notice.

A notice required under § 431.206(c)(2) of this subpart must contain—

(a) A statement of what action the agency intends to take;

(b) The reasons for the intended action;

(c) The specific regulations that support, or the change in Federal or State law that requires, the action;

(d) An explanation of—

(1) The individual's right to request an evidentiary hearing if one is available, or a State agency hearing; or

(2) In cases of an action based on a change in law, the circumstances under which a hearing will be granted; and

(e) An explanation of the circumstances under which Medicaid is continued if a hearing is requested.

§ 431.220  When a hearing is required.

(a) The agency must grant an opportunity for a hearing to:

(1) Any applicant who requests it because his claim for services is denied or is not acted upon with reasonable promptness; and

(2) Any recipient who requests it because he believes the agency has taken an action erroneously.

(b) The agency need not grant a hearing if the sole issue is a Federal or State law requiring an automatic change adversely affecting some or all recipients.

*Likelihood of Success: Interpretation of Law*

Pub.L.No. 141 required interpretation by IDPW prior to its having any practical effect. It also required IDPW to exercise its discretion. Where interpretation and discretion are required by a state statute affecting Medicaid payments, the full force of each of these quoted statutes and regulations applies. Were no interpretation or discretion required of IDPW by a given state statute, IDPW could satisfy its procedural duties by complying with the notice publication requirement, of 42 C.F.R. § 447.205(d), and the recipient informing requirement, of 42 C.F.R. § 431.210(a), (b), and (c).

But, where, as in this case, a state statute requires interpretation and discretion, IDPW must satisfy every notice requirement and every hearing requirement of each statute or regulation quoted above, unless one of the express exceptions applies. In order to adopt its proposed co-payment rules under Ind.Code § 12–1–7–16, IDPW must first comply with Ind.Code § 4–22–2–4 and 42 C.F.R. § 447.205. Before IDPW can apply its adopted rules to individual recipients, it must first comply with 42 C.F.R. §§ 431.206, 431.210, and 431.220.

■ That Pub.L.No. 141 required interpretation and discretion is made clear not only by its language, but also by the actions of IDPW. The statute did not specify how the co-payment was to be collected; IDPW provided that it was to be collected by the Medicaid provider. The statute became effective July 1, 1981; IDPW provided that co-payments would be required effective August 1, 1981. IDPW ruled that the Medicaid recipients would have to pay, as co-payment, the first $0.50 for medical services costing $10.00 or less. And, apparently under its authority to exercise its discretion to exempt individuals to whom co-payments would cause undue hardship, IDPW ruled that certain nursing home residents and Medicare recipients would not be required to make co-payments. It should also be observed that IDPW's authority to exercise its discretion to exempt certain individuals from the co-payment requirement *per se* vests in Medicaid recipients the right to a hearing under 42 C.F.R. § 431.220, since because of this duty to exercise discretion the "automatic change" exception of 42 C.F.R. § 431.220(b) does not apply. It was this "automatic change" which applied in *Benton v. Rhodes*, 586 F.2d 1 (6th Cir. 1978). In *Benton*, the Court ruled that the technical procedural requirements had been satisfied by a simple notice that non-mandatory service payments would be terminated, where that termination was required by a statute requiring termination of those services when the state exhausted its available funds.

The technical procedural requirements imposed on IDPW in its rulemaking under Pub.L.No. 141 are just as binding as those technical procedural requirements imposed by the State of Indiana on local governments wishing to issue bonds or adopt ordinances. Having chosen to participate in the federal Medicaid program, IDPW must comply with the rulemaking procedures of both state statutes and federal regulations.

Nothing in this Memorandum and Order prevents IDPW from now pursuing the required procedures and rendering this case moot.

■ Finally, it should be noted that the plaintiffs have committed a procedural error of their own. There has not as yet been service of process upon the defendants. While this prevents this case from proceeding further than this order, the technical "notice" requirements for the entry of a preliminary injunction have been met. The

defendants were notified, in fact, of the hearing; Robert Smith was present in person; and, the Indiana Attorney General's office was present to represent the defendants at the hearing. Accordingly, a preliminary injunction may be issued.

## ORDER

It is hereby ORDERED, pursuant to Fed. R.Civ.P. 65 and this Court's equity powers, that the defendants and their agents, employees and successors in office are prohibited from implementing and enforcing Acts 1981, Pub.L.No. 141 of the State of Indiana, until further order of this Court. Should the defendants render this case moot by complying with the procedural requirements noted in the above memorandum, this Court should be notified in writing. No security is required of the plaintiffs.